**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-62170-ALTMAN**

**YEIKER ALEXANDER RANGEL-NUNEZ**,

*Petitioner*,

*v*.

**BROWARD TRANSITION CENTER**, *et al*.,

*Respondents*.
_______________________________/

**ORDER**

Yeiker Alexander Rangel-Nunez filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking "immediate release from unlawful civil immigration detention." Petition [ECF No. 1] at 1. The Respondents maintain that he "remains detained pursuant to 8 U.S.C. § 1225(b)(1), *not* 8 U.S.C. § 1231, until his removal." Supplemental Response [ECF No. 14] at 2 (emphasis in original). But an immigration judge ("IJ") has since "AFFIRMED" the negative credible-fear determination and issued "a final order." IJ Order [ECF No. 14-3] at 2. For the reasons we outline below, we **DENY** the Petition in part and **DISMISS** it in part as moot.

**THE FACTS**

Rangel-Nunez is a "native and citizen of Venezuela." Response to Order to Show Cause ("Response") [ECF No. 8] at 2. Border Patrol encountered him near El Paso, Texas, on July 15, 2022, after he "unlawfully entered the United States from Mexico[.]" *Ibid.* Three days later, DHS released him "on a parole document and an order of release on his own recognizance" before conducting a credible-fear interview. *Ibid.* His parole authorization was "valid for one year" and would

"automatically terminate" unless ICE granted an extension. Interim Notice Authorizing Parole [ECF No. 8-7] at 1.

On July 30, 2026, Rangel-Nunez reported to ICE for a scheduled appointment, where officers took him "into ICE custody to complete the expedited removal process[.]" Declaration of Deportation Officer Javon A. Jones [ECF No. 8-9] ¶ 15. He filed this Petition on August 6, 2026, complaining that ICE had re-detained him with "no advance notice, no formal revocation, no individualized explanation, and no pre-deprivation process of any kind[.]" Petition at 5. He also contends that mandatory detention is "the wrong legal framework" for someone who was "found in the county after years of residence," and he asks for release or a hearing. *Id.* at 6.

On August 25, 2026, USCIS determined that Rangel-Nunez "does not have a credible fear of persecution or torture." Notice of Referral to Immigration Judge [ECF No. 14-2] at 1. On August 31, 2026, the IJ "AFFIRMED" that determination and directed that "the case is returned to DHS for removal of the Applicant." IJ Order at 2. The signed decision adds that "[t]his is a final order" and that "[t]here is no appeal from this decision." *Ibid.* Rangel-Nunez "remains in ICE custody" in El Paso, Texas, where his removal "is scheduled to occur[.]" Status Report [ECF No. 21] at 1. On October 27, 2026, Rangel-Nunez filed an Emergency Motion [ECF No. 18] seeking "an immediate ruling on the fully briefed custody claims and release if Respondents cannot establish lawful present detention," as well as "leave to submit the attached Middle District of Florida orders." Emergency Mot. at 1–2.

## The Law

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C. § 2241(c)(3)), *abrogated in part on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). A

petition for review in the court of appeals is "the sole and exclusive means for judicial review of an order of removal," 8 U.S.C. § 1252(a)(5), so we don't have jurisdiction to review a removal order in habeas. But "the district court retains jurisdiction under 28 U.S.C. § 2241" to hear an alien's challenge to the legality of her detention. *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006); *see also Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("Although district courts do not have jurisdiction to review § 2241 petitions filed by an alien challenging a final order of removal, jurisdiction exists over a § 2241 petition if the alien challenges the legality of his detention." (citation omitted)).

## ANALYSIS

We've liberally construed two grounds for habeas relief from Rangel-Nunez's Petition. *First*, he claims that ICE deprived him of due process by re-detaining him with "no advance notice, no formal revocation, no individualized explanation, and no pre-deprivation process of any kind" ("Ground 1"). Petition at 5. He adds that a hearing held afterward "cannot retroactively fix the original unconstitutional deprivation of liberty." *Id.* at 7. *Second*, he contends that mandatory detention is "the wrong legal framework" for someone who was "found in the county after years of residence" and asks for release or a custody hearing ("Ground 2"). *Id.* at 6. As we'll explain, Ground 1 fails on the merits, and Ground 2 is moot.

### I. Ground 1

Rangel-Nunez argues that the Government's "formal decision to release him in 2022" gave him a "substantial liberty interest" that ICE couldn't take away without notice and a hearing. Petition at 5. But the Eleventh Circuit has held that immigration "parole is part of the admissions process" and that its "denial or revocation does not rise to the level of a constitutional infringement." *Fernandez-Roque v. Smith*, 734 F.2d 576, 582 (11th Cir. 1984). And absent limits on official discretion, the alien has only "an expectancy reinforced by a system capable of granting or withholding that liberty." *Garcia-Mir v. Meese*, 788 F.2d 1446, 1453 (11th Cir. 1986). As a result, "awarding and then revoking

discretionary relief does not offend due process." *Tefel v. Reno*, 180 F.3d 1286, 1301 (11th Cir. 1999) (citing *Garcia-Mir* 788 F.2d at 1453).

Rangel-Nunez's parole notice authorized his release for "one year" beginning July 18, 2022, and warned that it would "automatically terminate" absent an extension. Interim Notice Authorizing Parole at 1. The relevant regulation likewise provides that parole "shall be automatically terminated without written notice" upon "the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1). Although the Respondents also released Rangel-Nunez on an "order of release on his own recognizance," Response at 2, that release doesn't establish a constitutional entitlement to a pre-deprivation hearing. Even assuming the recognizance order arose under § 1226(a), Congress permits the Government to revoke that conditional release "at any time" and return the alien to custody. 8 U.S.C. § 1226(b). The implementing regulation likewise provides that release "may be revoked at any time in the discretion" of specified immigration officials. 8 C.F.R. § 236.1(c)(9). Neither provision requires a hearing before re-detention. We therefore **DENY** Ground 1.

**II. Ground 2**

Rangel-Nunez contends that mandatory detention is "the wrong legal framework" for someone who was "found in the county after years of residence[.]" Petition at 6. But his removal proceedings have since concluded. The IJ "AFFIRMED" the negative credible-fear finding and made clear that "[t]here is no appeal from this decision." IJ Order at 2. The Respondents acknowledge that his removal order "became final" on August 31, 2026. Supplemental Response at 1. This matters because the finality of a removal order "fundamentally changes the procedural posture of the case." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003).

The Respondents maintain that § 1225(b)(1)(B)(iii)(IV) requires Rangel-Nunez to remain detained "until removed." Supplemental Response at 2. We disagree that § 1225(b)(1) continues to govern his custody after the credible-fear proceedings conclude. Under that provision, an alien

claiming a fear of persecution is referred "for an interview by an asylum officer," 8 U.S.C. § 1225(b)(1)(A)(ii), and is detained "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed," § 1225(b)(1)(B)(iii)(IV).

But the Supreme Court has explained that, "[o]nce those proceedings end, detention under § 1225(b) must end as well." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). The Supreme Court has also recognized that "§ 1231's detention provisions are a natural fit" for aliens subject to administratively final reinstated removal orders. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021); *see also Alnajjar v. GEO Grp., Inc.*, 2025 WL 3853217, at *4 (W.D. Tex. Dec. 23, 2025) ("Although the provisions of § 1231 might have been inapplicable while Petitioner awaited the final determination on his credible fear assertion, once that determination occurred, there is no reason to not apply the provisions of § 1231."); *Bhandari v. Bondi*, 2026 WL 369403, at *3 (W.D. Wash. Feb. 10, 2026) (recognizing that the petitioner's "credible fear determination has finally been made and affirmed, and he has a final order of removal").

We have the inherent authority to dismiss *sua sponte* any case that becomes moot. *See Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) ("It is incumbent upon this court to consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any [action] that no longer presents a viable case or controversy."). A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

Ground 2 is now moot. Rangel-Nunez asks us *either* to order his "immediate release from unlawful civil immigration detention[,]" Petition at 1, *or* to grant him a custody hearing, *id.* at 6. But, as we've explained, the IJ affirmed the negative credible-fear finding in a "a final order[,]" which remanded Rangel-Nunez to "DHS for removal[.]" IJ Order at 2. That "fundamentally changes the procedural posture of the case." *De La Teja*, 321 F.3d at 1363. Rangel-Nunez is now detained

"pursuant to a wholly different statute, . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *Ibid.* And, because § 1225(b)(1) no longer governs his detention, any opinion on whether that earlier detention entitled him to release or a bond hearing would be "purely advisory in nature, and therefore this issue has become moot." *Ibid.*; *see also Mohammad v. Creel*, 2014 WL 204426, at *2 (N.D. Fla. Jan. 17, 2014) (Hinkle, J.) ("Because Petitioner is no longer held under the pre-removal statute, § 1226(c), but is now detained pursuant to the removal statute, § 1231, a decision from this Court concerning the prior period of detention would not provide Petitioner the habeas relief he seeks because his detention during the time this case has been pending is authorized under § 1231.").

There are, it's true, two exceptions to the mootness doctrine, which apply when: (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Rangel-Nunez can't satisfy either exception here. *First*, the collateral-consequences exception doesn't apply because nothing in this record shows any continuing "disabilities or burdens which may flow" from Rangel-Nunez's pre-removal detention. *Carafas*, 391 U.S. at 237 (cleaned up). In fact, since Rangel-Nunez is currently within the 90-day "removal period" following a final order of removal, his post-removal detention is now mandatory, so there's nothing we can do to stop it. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien." (emphasis added)). *Second*, the exception for actions that are capable of repetition, yet evading review, also doesn't apply to Rangel-Nunez's case because "the controversy at issue," namely, the legality of Rangel-Nunez's pre-removal detention under § 1225(b), "necessarily cannot arise again, as [Rangel-Nunez] is now, and will be, subject to a final order of deportation." *De La Teja*, 321 F.3d at 1363 n.3. We therefore **DISMISS** Ground 2 as moot.

*  *  *

We, in sum, **ORDER AND ADJUDGE** that Yeiker Alexander Rangel-Nunez's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED IN PART** as to Ground 1 and **DISMISSED IN PART** without prejudice for lack of subject-matter jurisdiction as to Ground 2. His Emergency Motion for Expedited Ruling [ECF No. 18] is **GRANTED** insofar as it requests leave to supplement authorities, which we have considered, and otherwise **DENIED as moot**. All other pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on October 29, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record